UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DEMETRIUS MOORE, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No.   3:16-cv-03295-JBM |
| J.E. KRUEGER, Warden, FCI Pekin | ) ) ) |
| Respondent. | ) ) |

## ORDER & OPINION

The matter before the Court is Petitioner Demetrius Moore's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. For the following reasons, Petitioner's Amended Petition (Doc. 5) is denied.

### BACKGROUND

On January 14, 2014, Petitioner pled guilty to one count of bank robbery by force or violence, in violation of 18 U.S.C. §§ 2113(a) and 2113(d), and one count of knowingly brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). *See* Plea Agreement, *United States v. Moore*, No. 2:13-cr-00041-LA-1 (E.D. Wis. Jan. 14, 2014). In doing so, Petitioner pled guilty to taking approximately $2,400 from the presence of a teller by force, violence, and intimidation at U.S. Bank in Butler, Wisconsin. *Id*. On April 23, 2014, Judge Adelman sentenced Petitioner to a total of 102 months incarceration, followed by five years of supervised release. *See* J., *United States v. Moore*, No. 2:13-cr-00041-LA-1 (E.D. Wis. Apr. 24, 2014). On June 13, 2016, Petitioner filed a motion to vacate, set aside or

correct a sentence pursuant to 28 U.S.C. § 2255. *See Moore v. United States*, No. 2:16-cv-00719-LA (E.D. Wis. Jun. 13, 2016). On June 23, 2016, Petitioner's § 2255 motion was denied. *See* J., *Moore v. United States*, No. 2:16-cv-00719-LA (E.D. Wis. Jun. 23, 2016).

On October 31, 2016, Petitioner filed an "Emergency Petition for Constitutional Writ of Habeas Corpus ad Subjiciendum." (Doc. 1). Because it was unclear whether Petitioner was seeking to file a § 2255 motion or a § 2241 petition, the Court ordered Petitioner to file an Amended Complaint identifying which way Petitioner wanted to proceed. (Doc. 2). On January 9, 2017, Petitioner filed this Amended Petition, indicating that he wished to proceed as a § 2241 petition. (Doc. 5). At the time Petitioner filed, he was incarcerated at the federal correctional institute in Pekin, Illinois. (Doc. 9). Petitioner was subsequently transferred to the federal correctional institute in Yazoo City, Mississippi. (Doc. 8). Because of the change in the location of Petitioner's custody, the Court applied the precedent of the United States Court of Appeals for the Seventh Circuit and transferred the case to the Southern District of Mississippi. (Doc. 9). Then, the Southern District of Mississippi transferred the case back to the Central District of Illinois, because it was bound by Fifth Circuit precedent, which holds that jurisdiction over a § 2241 habeas petition belongs to the court of custody when the petition is originally filed. (Doc. 15). The Southern District of Mississippi also consulted with parties, both of which consented[1]

---

[1] This Court is now the proper venue to hear this matter under 28 U.S.C. § 1404(a), which allowed the Southern District of Mississippi to transfer the civil action to "any district or division where it might have been brought or to any district or division *to which all parties have consented.*" The United States Court of Appeals for the Seventh Circuit has held that the District Court's subject matter jurisdiction over habeas

2

and preferred that the case be transferred back to the Central District of Illinois. (Doc. 15).

Therefore, the case was transferred back to the Central District of Illinois. (Doc. 15). Because the case had originally been misfiled in the Springfield Division of the Central District, Judge Myerscough transferred the case to the Peoria Division, which is the judicial district in which the federal correctional institution in Pekin lies. *See* July 25, 2017 Text Order.

Petitioner's Amended Complaint argues that the federal government did not have jurisdiction over the land where he committed his crime because the Wisconsin Governor did not cede jurisdiction. Petitioner argues that 40 U.S.C. § 3112 and *Adams v. United States*, 319 U.S. 312 (1943), require the state governor to cede jurisdiction over the state in order for there to be federal criminal jurisdiction. (Doc. 5 at 2-3).

## LEGAL STANDARD

*Pro se* pleadings are given liberal construction and are held to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Ambrose v. Roeckeman*, 749 F.3d 615, 618 (7th Cir. 2014). However, a court must still decide whether a petition adequately presents the legal and factual basis for a claim. *Id.*

---

petitions arises under 28 U.S.C. § 1331, because the claims arise under federal law. *Harris v. Warden*, 425 F.3d 386, 388 (7th Cir. 2005) ("Sections 2241 and 2255 deal with remedies; neither one is a jurisdictional clause."). Additionally, the Seventh Circuit has held that "the identity of the custodian and the location of the litigation concern venue and personal jurisdiction, rather than subject-matter jurisdiction, and hence may be waived or forfeited by the respondent."). *Id.*

This Court, in its discretion, applies the Rules Governing Section 2254 Cases in the United States District Courts to all cases that purport to be brought under Chapter 153 of Title 28 of the United States Code that are not explicitly brought under 28 U.S.C. §§ 2254 and 2255. *See* Rules Governing Section 2254 Cases in the United States District Courts, R 1(b); *see also Poe v. United States*, 468 F.3d 473, 477 n. 6 (7th Cir. 2006); *Hudson v. Helman*, 948 F. Supp. 810, 811 (C.D. Ill. 1996) (holding Rule 4 takes precedence over 28 U.S.C. § 2243's deadlines and gives court discretion to set deadlines). This includes Rule 4, which requires that the Court "promptly examine" the Petition, and dismiss it if it "plainly appears . . . that the petitioner is not entitled to relief." Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has examined the Petition and determined Petitioner is not entitled to habeas corpus relief.

Additionally, federal prisoners, like Petitioner, who wish to collaterally attack their convictions or sentences ordinarily must do so under 28 U.S.C. § 2255. *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012). They may petition under 28 U.S.C. § 2241 only in the rare circumstance in which the remedy provided under § 2255 "is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e) (which is often referred to as "the Savings Clause"). The mere fact that Petitioner's claim would be a second or successive § 2255 motion does not render § 2255 inadequate or ineffective. *See In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998).

In *Davenport*, the United States Court of Appeals for the Seventh Circuit articulated three conditions that a petitioner must meet in order to invoke the Savings Clause on the basis of a change in law. *Id.* at 610-612. These conditions were

recently summarized in *Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013), another case in which a petitioner brought a § 2241 petition based upon a Supreme Court decision interpreting the residual clause of the ACCA. First, a prisoner "must show that he relies on a statutory-interpretation case rather than a constitutional case;" second, he "must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion;" and third, "[the] sentence enhancement [must] have been a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding." *Id.* at 586 (citations omitted) (internal quotation marks omitted).

## ANALYSIS

Petitioner's Amended Complaint must be dismissed for two reasons. First, Petitioner fails to meet the *Davenport* requirements to be able to challenge his sentence through a § 2241 petition, rather than a § 2255 motion. Second, the merits of Petitioner's claim must be summarily rejected.

Petitioner fails to meet the *Davenport* requirements in order to be allowed to bring a § 2241 motion. Petitioner does not address the *Davenport* requirements. Rather, he states that he is "testing the legality of his imprisonment" because the "United States was without federal criminal jurisdiction and the error is grave enough to be deemed a miscarriage of justice." (Doc. 5 at 1). However, the only case that Petitioner relies on is *Adams v. United States*. 319 U.S. 312, 312 (1943). Adams was decided in 1943 and was clearly available for Petitioner to use during his first § 2255 motion in 2016. Therefore, Petitioner cannot meet the *Davenport* requirements and his petition must be dismissed.

5

Additionally, even if Petitioner could meet the *Davenport* requirements, Petitioner's Amended Petition fails on its merits because it puts forth a sovereign citizen argument, which must be summarily rejected. Although not explicitly stated, Petitioner's writ of habeas corpus can be construed as a "sovereign citizen" claim.[2] Sovereign citizens claim that the United States Government does not have jurisdiction over their crimes and use a variety of legal citations to support their claims. The United States Court of Appeals for the Seventh Circuit has instructed district courts to "summarily reject" the "worn argument that a defendant is sovereign." *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (collecting cases that reject the "sovereign citizen" argument as frivolous). This alone supports the denial of Petitioner's Amended Petition.

Sovereign citizen claims are summarily rejected, because it has been clearly established that the laws of the United States apply to all persons within its borders and this includes the Petitioner and his robbery of the bank in Butler, Wisconsin. *United States v. Phillips*, 326 F. App'x 400, 400 (7th Cir. 2009); s*ee also Benabe*, 654 F.3d at 767 (announcing that regardless of an individual's claimed status of descent,

---

[2] Although Petitioner did not use the term "sovereign citizen" the Court labeled his claim as such because of the substance of Petitioner's argument. "Sovereign citizens believe the government is operating outside of its jurisdiction and generally do not recognize federal, state, or local laws, policies, or government regulations." Federal Bureau of Investigations, Sovereign Citizens: An Introduction for Law Enforcement 1 (2010), *available at*: http://www.mschiefs.org/wp-content/uploads/2012/05/Sovereign_Citizens_Intro_For_LE.pdf. Petitioner's main argument is that the federal government was operating outside its jurisdiction because the Wisconsin Governor did not cede jurisdiction over the land where he was arrested and, therefore, the federal government did not have jurisdiction to arrest him. Therefore, the Court labels it a "sovereign citizen" argument based on its substance.

that person is not beyond the jurisdiction of the courts); *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (explaining that "sovereign citizen" arguments have "no conceivable validity in American law).

Furthermore, district courts have original jurisdiction over "all offenses against the laws of the United States." 18 U.S.C. § 3231; *see also United States v. McCalla,* 545 F.3d 750, 756 (9th Cir. 2008) ('The federal court's jurisdiction is not limited to federal crimes committed on federal lands. Pursuant to 18 U.S.C. § 3231, 'the district courts of the United States have original jurisdiction, exclusive of the States, of all offenses against the laws of the United States.'") (citations omitted); *United States v. Hornback*, Nos. 3:10-CR-13-DCR-REW, 3:13-CV-7296-DCR-REW, 2014 U.S. Dist. LEXIS 83586, *24 (E.D. Ky. May 6, 2014) (citing *United States v. Sitton*, 968 F.2d 947, 953 (9th Cir. 1992)) ("This argument is patently meritless. Federal courts have exclusive jurisdiction over offenses against the laws of the United States under 18 U.S.C. § 3231 and the permission of the states is not a prerequisite to that jurisdiction.").

The United States Constitution created a federal system which allows for concurrent jurisdiction, in which both the national government and the states' governments maintain sovereignty over the same territory. *See, e.g., Printz v. United States*, 521 U.S. 898, 918 (1997). States have the general authority to create laws to punish criminal offenses in their territory as part of their policing power. *United States v. Morrison*, 529 U.S. 598 (2000). However, the federal government still retained the authority to create and punish federal criminal offenses as "necessary and proper" to the execution of Congress's enumerated powers. *See United States v.*

7

*Comstock*, 560 U.S. 126, 135-36 (2010); *United States v. Worrall*, 2 U.S. 384, 394 (1798). Therefore, a person in the United States is subject to the jurisdiction of both the federal government and the state government, where the individual is located. Likewise, an individual is subject to the criminal laws of both. The consent of a state governor is not required to prosecute someone for a federal offense.

Petitioner's argument that 40 U.S.C. § 3112 to requires a governor to cede jurisdiction for Petitioner to be arrested and charged with a federal crime is meritless and frivolous. Section 3112 establishes laws for acquiring *exclusive* federal jurisdiction over land it acquires from the states; thereby creating a federal enclave. However, Petitioner's crime occurred at a U.S. Bank in Butler, Wisconsin and there has been no indication that Petitioner's crime occurred in a federal enclave. Therefore, 40 U.S.C. § 3112 has no application here. *See Hornback,* 2014 U.S. Dist. LEXIS 83586, at *27 n. 11; *see also Thomas v. United States*, Nos. 8:13-CV-215-T-15Map, 8:07-CR-203-T-27MAP, 2013 U.S. Dist. LEXIS 130123, at *2 (M.D. Fla. Sept. 11, 2013) (finding a similar claim "completely frivolous" and that § 3112 has "nothing to do" with cases, like here, whose jurisdiction rests on § 3231). As explained by the Eastern District of Michigan:

> "Contrary to [petitioner's] argument, neither the Exclusive Legislation Clause nor § 3112 applies because the United States has not claimed it has the *exclusive* right to promulgate laws over the lands where the crimes were committed. The fact that [the state] has sovereignty within its boundaries does not bar the United states from having concurrent jurisdiction to indict and prosecute [petitioner] for federal crimes occurring within those same boundaries. Thus, the federal government does not need to obtain the consent of the governor of Michigan to prosecute [petitioner]."

8

*United States v. Abbott,* No. 2:16-cr-20290, 2017 U.S. Dist. LEXIS 92124, at *3-4 (E.D. Mich. Jun. 15, 2017) (citations omitted).

Furthermore, Petitioner's argument that a 1943 United States Supreme Court case provides precedent for his interpretation of § 3112 is equally meritless. (Doc. 1 at 4). In *Adams v. United States*, the Supreme Court determined the narrow issue that the United States had not accepted exclusive jurisdiction of a military base, where three soldiers were accused of raping a civilian woman; therefore, the Supreme Court held that there was not jurisdiction to charge the soldiers with a crime that had to be committed within special maritime or territorial jurisdiction. 319 U.S. at 312.

However, because Petitioner was not convicted of a maritime crime nor did he commit his offense on a military base, Petitioner's argument is meritless. This argument based on *Adams* has been previously rejected by numerous courts, including this Court. *See, e.g., Moose v. Krueger,* No. 1:16-cv-01403-JBM, 2016 U.S. Dist. LEXIS 176232, at *9-10 (C.D. Ill. Dec. 20, 2016); *United States v. Eley,* No. 2:16-CR-12-DBH, 2017 U.S. Dist. LEXIS 33806, at *3-5 (D. Me. Mar. 9, 2017) (declaring that the defendant's reliance of § 3112 and *Adams* was "simply and unmistakably wrong"); *United States v. Whitlow*, No. 4:14-CR-3015, 2016 U.S. Dist. LEXIS 144054, at *3-4 (D. Neb. Oct. 18, 2016) ("But this case does not deal with property over which the government was required to accept jurisdiction, and the Court has original jurisdiction over all violations of federal law. *Adams* is not applicable here."); *United States v. Smith*, Nos. 3:08-CR-31-JMH-HAI-1, 3:15-CV-07407-JMH-HAI, 2016 U.S. Dist. LEXIS 188058, at 34-35 (E.D. Ky. Jun. 22, 2016) ("However, Defendant's

9

reliance on *Adams* is misplaced as *Adams* dealt with the very narrow issue of the jurisdiction for the trial of three soldiers who committed rape in a military camp. . . . Accordingly, any argument Defendant attempts to assert on this point is meritless."); *Abril-Pérez v. United States*, Nos. 14-1350 (JAF), 10-251-26, 2014 U.S. Dist. LEXIS 88159, *3-4 (D.P.R. June 25, 2014) ("This reliance is misplaced. *Adams* is about the narrow issue of whether a rape that occurred at a government military camp could be tried as a federal crime, although the government had not accepted jurisdiction over the camp as was required by statute. Unlike *Adams*, Abril-Pérez's case does not involve military property or property over which the government was required to formally accept jurisdiction."); *Taylor v. United States*, Nos. 1:09-cv-24; 1:04-cr-177, 2009 U.S. Dist. LEXIS 55334, at *7 (E.D. Tenn. June 29, 2009) ("*Adams* has no applicability to the instant case involving an indictment for a federal offense which occurred in the State . . . ."); *United States v. Genard*, No. 07-136, 2007 U.S. Dist. LEXIS 62635, at *2 n.1 (E.D. La. Aug. 16, 2007) (rejecting the application of *Adams* to a criminal trial for failure to file income tax returns).

Therefore, it is clear that Petitioner's argument that there was not federal jurisdiction over the state of Wisconsin because the governor did not consent to jurisdiction is completely meritless and frivolous. For the reasons described above, Petitioner's Amended Petition (Doc. 5) is denied.

## CONCLUSION

IT IS THEREFORE ORDERED that Petitioner's Amended Petition for a Writ of Habeas Corpus (Doc. 5) is DENIED.

CASE TERMINATED.

Entered this _26th_ day of July, 2017.

s/ Joe B. McDade  
JOE BILLY McDADE  
United States Senior District Judge